**LUJAN & WOLFF LLP**
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiff*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| BRIANNA LYNN MENO as Special Administratrix of the Estate of Justin Roy Meno, <br><br> Plaintiff, <br><br> vs. <br><br> SAMANTHA J. BRENNAN, in her official capacity as Director of the Department of Corrections, ALAN P. BORJA, in his official capacity as Warden of the Department of Corrections; and JOHN DOES 1-10, <br><br> Defendants. | CIVIL CASE NO. 19-00009 <br><br> **AMENDED COMPLAINT** |

Plaintiff Brianna Lynn Meno, as Special Administratrix of the Estate of Justin Meno ("Plaintiff") by and through her attorneys of record, complaining of the above-named Defendants, would respectfully show unto the Court the following:

### *PRELIMINARY STATEMENT/JURISDICTION/VENUE*

1. This action is an action for declaratory and injunctive relief brought pursuant to 42 U. S.C. A. §§1983, *et seq.*, and the Eighth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Organic Act of Guam, against the defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§2201 and 2202.

3. Venue is proper as the acts which are the subject of the action occurred in Guam.

### *PARTIES*

4. Plaintiff is the duly appointed Special Administratrix of the Estate of Justin Meno, deceased, (hereinafter "Plaintiff"). Plaintiff is a natural person over the age of majority, competent and of sound mind, and a resident of Guam as shown in <u>In the Matter of the Estate of Justin Roy Meno</u>, Probate Case No. PR0023-18.

5. Justin Roy Meno ("Justin") at the time of the incident described herein was an adult resident of Guam.

6. Guam is an unincorporated territory of the United States.

7. The Government of Guam (hereinafter "GovGuam") is established by Congress and, with the consent of the Guam Legislature as evidenced by enacted law, may be sued in tort for incidents committed in the exercise of its lawful powers.

8. For purposes of this action, the term "GovGuam" shall include all agents and employees of the Territory of Guam and its agency, DOC, acting within the scope of their official assigned and compensated duties.

9. The Department of Corrections (hereinafter "DOC") is and at all times relevant herein was an agency of the Government of Guam, and at all times relevant hereto, organized, maintained, supervised, staffed and controlled the Adult Correctional Facility (hereinafter "ACF") in Mangilao, Guam.

10. Defendant Samantha Brennan is the present Director of DOC. Defendant Brennan has ultimate responsibility for the promulgation and enforcement of DOC rules, administrative code provisions, policies and procedures and for the management of DOC pursuant to 9 G.C.A. Chapter 90. Defendant Brennan is sued in her official capacity for prospective injunctive and declaratory relief.

11. Defendant Alan P. Borja is Warden of DOC, and was the Warden during the time period in which the events herein occurred. Defendant Borja is sued in his official capacity for prospective

injunctive and declaratory relief.

12. The actions and failures to act of all defendants as alleged herein were actions under the authority and color of Guam law.

13. Defendant John Doe (hereinafter "Doe") represents other agents and employees of the Government of Guam whose identities are not yet known but will become known during the course of discovery and who were agents and employees of DOC at the time of the incident giving rise to the action herein.

## FACTUAL BACKGROUND

14. At the time of his death on September 11, 2017, Justin Meno was twenty-two (22) years of age having been born XX/XX/1995.

15. This lawsuit is brought on behalf of the child, parents, siblings, and heirs of the decedent.

16. On or about March 17, 2017, Justin Roy Meno was arrested for Burglary to a Motor Vehicle Third-Degree Robbery, and Assault and booked into DOC.

17. On or about March 29, 2017, all inmates in the maximum security unit Post 6, DOC were negligently released from their cells due to unexpected flooding in said Post.

18. DOC Corrections Officers failed to follow proper procedures in releasing and monitoring the inmates and detainees, leaving the whereabouts of the inmates and detainees unknown.

19. On or about March 29, 2017, Plaintiff's decedent was discovered isolated on the exterior lawn of Post 6, severely beaten, unconscious, drenched in water, and bound and gagged.

20. On or about March 29, 2017, Plaintiff's decedent was transported to the Guam Memorial Hospital and was later pronounced dead on September 11, 2017.

21. As a direct and proximate result of the grossly negligent acts and/or omissions on the part of the defendants in refusing to provide for the basic needs of the decedent which would include and not be limited to appropriate medical care, Justin Roy Meno died on September 11, 2017.

22. Prior to the death of Mr. Meno, GovGuam and then-Director of DOC Alberto V. Lamorena III conducted an investigation. The plaintiff is informed and believes that GovGuam, Lamorena and Defendant Borja failed to interview many of the key witnesses and further failed to examine many key documents in and during this investigation.

23. Plaintiff is further informed and believes that Defendants, agents and/or officers of GovGuam and/or DOC tampered with the presumed crime scene, and willfully destroyed evidence.

24. The defendants, its employees and servants on duty during Mr. Meno's detainment had more than sufficient knowledge of his condition and they acted in blatant disregard of the health and life of Mr. Meno.

25. Further, these employees had actual and/or constructive knowledge of the violation of inmates' constitutional rights and violations by correctional officers of the DOC's policies and procedures.

26. Further, the employees of DOC were aware of numerous violations of Policies and Procedures causing past harm to other inmates and had the potential to cause inmates to be in danger and to be physically and emotionally harmed.

27. Further, they acted with conscious and deliberate indifference to these facts and because of this Mr. Meno suffered personal injury and eventually died on September 11, 2017.

28. At the time of the incident in question various employees of DOC were responsible for and carried out periodic inspections of the facility to check for violations of the minimum standards for local detention centers in Guam. The Plaintiff is informed and believes that these defendants had actual knowledge of DOC's pattern and practice of violating many of the minimum standards.

29. Further, the Plaintiff is informed and believes that these defendants had the ability to repair, fine and/or shut down for their continued violations of the minimum standards.

30. Defendants failed to provide adequate and proper medical care for Mr. Meno after receiving

notice of the asphyxia.

31. Defendants failed to complete a physical examination on Mr. Meno.

32. Defendants failed to properly and adequately monitor Mr. Meno while he was under DOC's custody so as to determine the severity and/or nature of his condition;

33. Further, the Plaintiff is informed and believes that this pattern and practice of continuing to violate the minimum standards directly contributed to the death of Mr. Meno.

## FOR A FIRST CAUSE OF ACTION

**(Violation of Federal Civil Rights 42 U.S.C. 1983 - failure to provide medical care/cruel and unusual punishment - Eighth Amendment)**

34. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

35. GovGuam's employees and then-Director of DOC Lamorena and Defendant Borja were acting under the color or pretense of Guam law, customs, practices, usage or policy at all times mentioned herein as detention officers, deputies or other such personnel and/or employees and had certain duties imposed upon them with regard to Justin Roy Meno.

36. Defendant's actions were consciously indifferent and deliberately indifferent to the decedent and Plaintiff on or around March 29, 2017 in the following particulars:

   a. In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at DOC;

   b. In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

   c. In failing to provide adequate and proper medical care for Meno after receiving notice of the asphyxia;

   d. In failing to complete a physical examination on Plaintiff's decedent;

e. In failing to sufficiently monitor the decedent while he was under DOC's custody so as to determine the severity and/or nature of his condition;

f. In failing to properly supervise and/or train its personnel, agent and/or employees so as to ensure that inmates, including the decedent, are provided with proper medical care and attention while under DOC's custody;

g. In failing to draft and institute proper policy and/or procedure necessary to ensure that inmates are provided basic medical care and attention when needed;

h. If such policy and/or procedure exists, in failing to follow the same in providing for the medical care necessary to ensure the decedent's well-being;

i. In engaging in a pattern and practice of failing to follow up and/or enforce the appropriate penalties against DOC for their continued violations of the minimum standards for local detention in Guam;

j. In failing to take the appropriate steps to provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

k. In failing to have in place the proper policy and procedure regarding the investigation of deaths to include, but not be limited to, deaths which occurred at DOC;

l. In failing to properly investigate deaths of persons in DOC to include the Plaintiff decedent and those persons who have died at DOC;

m. In failing to contact the appropriate law enforcement agencies in this case and whenever a death occurred at a detention facility in Guam for their assistance and so they could perform their own independent evaluation;

n. In engaging in a pattern and practice of failing to perform appropriate investigations

of deaths occurring at DOC;

o. In participating in a cover up and/or conspiracy to cover up facts in the present death case in which injuries suffered at DOC exacerbated and/or caused the death of a detainee or inmate;

p. In failing to perform the proper examinations and in failing to take the proper steps to secure the appropriate help for the decedent;

q. In engaging in a pattern and practice of performing inadequate yearly inspections of DOC;

r. In failing to act as a reasonable, prudent person under the same or similar circumstances; and

s. In failing to use due care for the safety of Justin Roy Meno when said acts and conduct are in violation of Guam statutory and case law.

37. Defendants' acts of willful, malicious, conscious and deliberate indifference violated decedent's rights secured by the Eighth and Fourteenth Amendments to the *United States Constitution*.

## FOR A SECOND CAUSE OF ACTION

**(Violation of Federal Civil Rights 42 U.S.C. 1983 -Violation of due Process - 14th Amendment)**

38. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

39. Defendant officers, agents, and/or employees, individually, were acting under the color or pretense of Guam law, customs, practices, usage or policy at all times mentioned herein as detention officers or other such personnel or employees and had certain duties imposed upon them with regard to Justin Roy Meno.

40. Defendants committed egregious and arbitrary conduct in violation of Mr. Meno's civil

rights on or around March 29, 2017, in the following particulars:

a. In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at DOC;

b. In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

c. In failing to provide adequate and proper medical care for Meno after receiving notice of the asphyxia;

d. In failing to complete a physical examination on Plaintiffs decedent;

e. In failing to sufficiently monitor the decedent while he was under DOC's custody so as to determine the severity and/or nature of his condition;

f. In failing to properly supervise and/or train its personnel, agent and/or employees so as to ensure that inmates, including the decedent, are provided with proper medical care and attention while under DOC's custody;

g. In failing to draft and institute proper policy and/or procedure necessary to ensure that inmates are provided basic medical care and attention when needed;

h. If such policy and/or procedure exists, in failing to follow the same in providing for the medical care necessary to ensure the decedent's well-being;

i. In engaging in a pattern and practice of failing to follow up and/or enforce the appropriate penalties against DOC for their continued violations of the minimum standards for local detention in Guam;

j. In failing to take the appropriate steps to provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

k. In failing to have in place the proper policy and procedure regarding the

investigation of deaths to include, but not be limited to, deaths which occurred at DOC;

l. In failing to properly investigate deaths of persons in DOC to include the Plaintiff decedent and those persons who have died at DOC;

m. In failing to contact the appropriate law enforcement agencies in this case and whenever a death occurred at a detention facility in Guam for their assistance and so they could perform their own independent evaluation;

n. In engaging in a pattern and practice of failing to perform appropriate investigations of deaths occurring at DOC;

o. In participating in a cover up and/or conspiracy to cover up facts in the present death case in which injuries suffered at DOC exacerbated and/or caused the death of a detainee or inmate;

p. In failing to perform the proper examinations and in failing to take the proper steps to secure the appropriate help for the decedent;

q. In engaging in a pattern and practice of performing inadequate yearly inspections of DOC;

r. In failing to act as a reasonable, prudent person under the same or similar circumstances; and

s. In failing to use due care for the safety of Justin Roy Meno when said acts and conduct are in violation of Guam statutory and case law.

41. As a direct and proximate result of Defendants and Defendants' employees and agents' conduct, the decedent suffered deprivations of his rights secured by the Eighth and Fourteenth Amendments to the *United States Constitution.*

### FOR A THIRD CAUSE OF ACTION

**(Violation of Federal Civil 42 U.S.C. 1983 - Pattern and Practice -14th Amendment)**

42. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

43. Defendant officers, agents, and/or employees, individually, were acting under the color or pretense of Guam law, customs, practices, usage or policy at all times mentioned herein as detention officers, deputies, or other such personnel or employees and had certain duties imposed upon them in regards to Justin Roy Meno.

44. Defendants violated Mr. Meno's civil rights on or around March 29, 2017, in the following particulars:

   a. In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at DOC;

   b. In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

   c. In failing to provide adequate and proper medical care for Meno after receiving notice of the asphyxia;

   d. In failing to complete a physical examination on Plaintiffs decedent;

   e. In failing to sufficiently monitor the decedent while he was under DOC's custody so as to determine the severity and/or nature of his condition;

   f. In failing to properly supervise and/or train its personnel, agent and/or employees so as to ensure that inmates, including the decedent, are provided with proper medical care and attention while under DOC's custody;

   g. In failing to draft and institute proper policy and/or procedure necessary to ensure that inmates are provided basic medical care and attention when needed;

   h. If such policy and/or procedure exists, in failing to follow the same in providing for

the medical care necessary to ensure the decedent's well-being;

i. In engaging in a pattern and practice of failing to follow up and/or enforce the appropriate penalties against DOC for their continued violations of the minimum standards for local detention in Guam;

j. In failing to take the appropriate steps to provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

k. In failing to have in place the proper policy and procedure regarding the investigation of deaths to include, but not be limited to, deaths which occurred at DOC;

l. In failing to properly investigate deaths of persons in DOC to include the Plaintiff decedent and those persons who have died at DOC;

m. In failing to contact the appropriate law enforcement agencies in this case and whenever a death occurred at a detention facility in Guam for their assistance and so they could perform their own independent evaluation;

n. In engaging in a pattern and practice of failing to perform appropriate investigations of deaths occurring at DOC;

o. In participating in a cover up and/or conspiracy to cover up facts in the present death case in which injuries suffered at DOC exacerbated and/or caused the death of a detainee or inmate;

p. In failing to perform the proper examinations and in failing to take the proper steps to secure the appropriate help for the decedent;

q. In engaging in a pattern and practice of performing inadequate yearly inspections of DOC;

r. In failing to act as a reasonable, prudent person under the same or similar circumstances; and

s. In failing to use due care for the safety of Justin Roy Meno when said acts and conduct are in violation of Guam statutory and case law.

45. As a direct and proximate result of Defendants and defendants' employees and agents' acts, omissions, recklessness, conscious indifference and deliberate indifference, jointly, severally and in combination thereof, the decedent suffered deprivations of his rights secured by the Eighth and Fourteenth Amendments to the *United States Constitution.*

## *PRAYER*

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. A preliminary and permanent injunction requiring defendants to implement policies and procedures to properly assess a detainee or inmate's medical condition upon receipt into the custody of DOC.

2. A preliminary and permanent injunction requiring Defendants to perform thorough and periodic inspections of DOC facilities.

3. A preliminary and permanent injunction requiring Defendants to establish standard operating procedures in obtaining emergency medical assistance and in reporting and investigating potential criminal activities committed within DOC.

4. A declaration that Defendants' failure to properly train correction officers constituted a deprivation of Mr. Meno's civil rights in violation of the Eighth and Fourteenth Amendments to the *United States Constitution.*

5. A declaration that Defendants' failure to provide Mr. Meno with timely and proper medical care constituted a deprivation of civil rights in violation of the Eighth and Fourteenth Amendments to the *United States Constitution.*

6. For costs and reasonable attorney fees pursuant to 42 U.S.C. §1988.

7. For such other relief as this Court deems just and proper in the circumstances of this case.

Respectfully submitted this 7th day of May 2019.

LUJAN & WOLFF LLP

By: _____
DAVID J. LUJAN
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY OF SIX**

Plaintiff demands that all issues triable by jury be tried by a jury of six.

Respectfully submitted this 7 day of May 2019.

**LUJAN & WOLFF LLP**

By: _____
**DAVID J. LUJAN**
*Attorneys for Plaintiff*